No. 317.

M. A. COPLEY, Administratrix and Tutrix, *v.* MRS. DORCAS DINK-
GRAVE.

It is not for this court, or any other, to interfere with the discretion of the land officers of
the United States in their transfer to whomsoever they may choose of the title of the
United States to land. But if the United States, at the moment of the adjudication, had
no title to the land in question, this action of the officers of the Land Department gave
the plaintiff none; and the question whether the United States had any title at the time
of the adjudication, is clearly a question for the courts of justice, and not for the officers
of the Land Department, to decide.

The plea of *res judicata* in this case is overruled.

APPEAL from the Fourteenth Judicial District Court, parish of
Ouachita. *Ray, J. Morrison & Farmer,* for plaintiff and appellee.
*Isaiah Garrett,* for defendant and appellant.

HOWE, J. This is a petitory action to recover a tract of about
fifteen acres of land in possession of defendant. The plaintiffs claim
under a patent issued to them by the United States on the twelfth of
October, 1858.

The defendant pleaded the general issue and averred a title in her-
self. The parties, it seems, own adjoining plantations, and their
entries lap to the extent of the land in dispute. In her answer the
defendant says:

"She avers that, in the year 1851, she acquired by purchase, for a
valuable consideration, an improvement on what was then considered,
and what was in fact, public lands of the United States of America,
and that she moved upon said land in the year 1851, with the intent to
make it her home, hoping to complete her title to the same by acquiring
a pre-emption, or by purchase or otherwise, from the United States;
that, in 1852 or 1853, she bought from the State of Louisiana internal
improvement warrant No. 773 for three hundred and twenty acres, and
on or about the fifth of September, 1853, she applied to locate said
warrant on said described land, at the Land Office of the United States
of America at Monroe, La. She avers that this application in writing
was filed in said Land Office, and that she tendered the said warrant
at the same time, and deposited it in the Land Office aforesaid, to pay
for said lands. She avers that the said Register of the Land Office
erroneously rejected her application at the time on technical grounds,
but that shortly afterwards the said Register, on her application on the
twenty-ninth of November, 1854, permitted the location to be made.
She avers that there were various opinions as to the period when these
lands were or became subject to location with internal improvement
warrants, and that out of caution and by the advice of counsel she
applied to relocate said warrant on the same lands in the month of
December, 1854, and on the twenty-first of January, 1856. That in
1854 and 1856 the Register stated that the location made before by

37

said defendant was good and valid, and that a relocation was unnecessary. She avers that the lands. were public lands of the United States, and that they had been surveyed and were subject to entry or purchase at said Land Office by internal improvement warrants at the periods when she applied to locate her warrants, to wit: on the fifth September, 1853, the twenty-ninth November, 1854, in December, 1854, and in January, 1856; that the legal and equitable right to said land dated from her first application on the fifth of September, 1853. She avers that she has been in the peaceable, lawful and actual possession of the lands claimed by plaintiffs in their petition, under a legal and just title translative of property and legal in form since the twenty-ninth of November, 1854, and in the actual possession and occupancy of said land and as a possessor in good faith since 1851. She pleads the prescription of ten years against the plaintiff's pretensions to the land, and the prescription of one and three years against plaintiff's pretended claim for rent and damages. She further avers that the pretended claims of the plaintiff are fraudulent, without equity, and unfounded in law. She alleges that true it is that a patent for said lots eleven, twelve and thirteen has been issued to the heirs and legal representatives of George W. Copley, deceased, but she alleges that the same was illegally and erroneously issued by the United States, and that it was procured and obtained by fraud and ill practices. She avers that the pretended right of plaintiff is based on the claims or pretensions of George W. Copley to a pre-emption right to enter the land in question under an act of Congress passed on the twenty-seventh of January, 1851, entitled 'an act to grant the right of pre-emption to certain settlers on the Maison Rouge grant in the event of the final adjudication of the title in favor of the United States,' the said Copley pretending to claim by mesne conveyance from Daniel W. Coxe. She avers that George W. Copley did not purchase the land in good faith; that he did not pay a valuable consideration for said land prior to the first of March, 1849, or at any other time; that he did not improve and cultivate the land claimed. She further alleges that even if he had bought the land in good faith, and paid a valuable consideration for the same, he would not have acquired any right, title or claim thereto, and the said purchase was absolutely null and void, because said purchaser was a purchaser of a litigious right pending in a court of the State of Louisiana, in which said Copley practiced law as an attorney at the time of his purchase."

There are other averments and demands in the answer which it is not necessary to notice at this stage of the case.

The plaintiff filed to this defense a plea of *res judicata* "alleging that all the matters set up in defense (as copied above,) after the word property, in the nineteenth line, had been set up and examined by the

Land Office Department of the United States; that the officers of said department are by law constituted the judges, and are authorized to hear and determine all contests and claims to and about the public lands of the United States; that all the matters urged by the defendants in this case were urged before the proper land officers and finally adjudicated upon and determined in favor of plaintiff, and a patent issued to the heirs and legal representatives of George W. Copley, deceased, for the land in question. The objections and defenses now made were made before the local Register and Receiver of the United States Land Office, and decided in plaintiff's favor. The defendant appealed to the Commissioner of the General Land Office, who decided in favor of plaintiff. The defendant then appealed and took her case to the Secretary of the Interior, who finally determined the controversy in favor of the plaintiff, and adjudicated the title of the United States to the land in question to the plaintiff, and caused the patent declared on to issue; that the officers aforesaid were authorized to hear and determine the matters set up in the answer after the word 'property,' aforesaid; that they did decide and determine these matters. Wherefore, she interposes the plea of res judicata as to all these matters."

The plea of res judicata was sustained by the court a qua, and judgment having been given in favor of plaintiff, the defendant appealed.

A phrase correctly used by plaintiffs in their plea may throw some light on the question before us : "The defendant then appealed, and took her case to the Secretary of the Interior, who finally determined the controversy in favor of the plaintiffs and adjudicated the title of the United States to the land in question to the plaintiffs, and caused the patent declared on to issue." It was the title of the United States that was adjudicated, and to that extent the adjudication was final.

It is not for this court or any other to interfere with the discretion of the land officers of the United States in their transfer to whomsoever they may choose of the title of the United States to land. But if the United States at the moment of the adjudication had no title to the land in question, this action of the officers of the Land Department gave the plaintiffs none. And the question whether the United States had any title at the time of the adjudication is a question for the courts of justice clearly, and not for the officers of the Land Department to decide. Taking the averments of fact in the answer of the defendant and in the plea of res judicata to be true, we should find that the defendant had a legal right to the land prior to that of plaintiff's and superior (9 Howard 333), and that the patent "illegally and erroneously issued by the United States" to the plaintiff, " procured by fraud and ill-practices," enured to the benefit of defendant. 13 An. 356. We can not distinguish this case from that of Garland v. Wynn, 20

Howard, p. 6, except that the latter was tried on the merits, and in the case at bar we are merely assuming certain facts for the purpose of trying a peremptory exception. Wynn, in 1842, proved he had a preference of entry to the land in dispute, according to the act of 1838, and his entry was allowed. In 1843 Hemphill made proof that he had a right of pre-emption to the same land under the act of May 26, 1830. The two claims coming in conflict it was decided by the Register and Receiver at the local land office that Hemphill had the better and earlier right to enter the land, and in this decision the Commissioner of the General Land Office concurred. Wynn's entry being the oldest it was set aside, his purchase money refunded, and a patent certificate was awarded to Hemphill, who assigned it to Garland, the plaintiff in error, to whom the patent issued. Wynn filed his bill to compel Garland to convey the land to him. Garland pleaded, among other things, that the court had no authority to set aside or correct the decision of the Register and Receiver, concurred in by the Commissioner, and that their decision was final. The Supreme Court of Arkansas thought differently, and decreed that Garland should convey the land to Wynn, and the Supreme Court of the United States affirmed the decree, giving the reasons why the courts could examine and overrule the decision of the land officers in such a case, announcing this to be the settled doctrine of the court, and citing 1 Peters 212; 9 Howard 328; 14 Howard 377, and 18 Howard 44. And see also Ludeling v. Vester, 20 An. 433, and decisions there cited, and Kittredge v. Breaud, 4 Rob. 79. If there are any decisions of State courts prior to Garland v. Wynn which seem to announce a different doctrine they must be held to have been thereby overruled.

For the reasons given it is ordered and adjudged that the judgment appealed from be reversed, and the plea of res judicata overruled, and the cause remanded for further proceedings according to law, appellees to pay costs of appeal.

Rehearing refused.

Chief Justice Ludeling recused.